UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

TAMARA FLEGAL,

                              Plaintiff,

                                                    **DECISION AND ORDER**
                                                    10-CV-771A

            v.


FIRST SOURCE ADVANTAGE, LLC,

                              Defendant.

═══════════════════════════════════

## I.      INTRODUCTION

        Pending before the Court is a motion by plaintiff Tamara Flegal for costs

and attorney fees pursuant to the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. §§ 1692–1692p.  Costs and attorney fees are the only issues

remaining in this case, since plaintiff accepted defendant's offer of judgment of

$1,001 pursuant to Rule 68 of the Federal Rules of Civil Procedure ("FRCP").

Defendant, in principle, does not oppose some kind of award of costs and

attorney fees, but claims that the award of $4,022.00 that plaintiff seeks is

excessive.  For the reasons below, the Court grants plaintiff's motion in part and

awards costs and fees in the amount of $2,873.00.

## II.      BACKGROUND

        This case concerns defendant's conduct in attempting to collect on an

alleged consumer debt.  Because the complaint did not contain a lot of

background information, details concerning this debt are not available to the

Court.  For example, the Court cannot determine from the information available

what kind of debt defendant attempted to collect and whether it communicated

that information to plaintiff; whether plaintiff acknowledged owing any kind of

debt, and if so, whether she agreed with defendant's characterization of it; and

whether the parties disputed the amount of the debt in question.  Nonetheless,

plaintiff's complaint, filed on September 24, 2010, does allege that defendant

called plaintiff approximately 10 times a week demanding payment for this debt.

Defendant's calls included calls to plaintiff's place of employment, despite

instructions from plaintiff not to call at work.  When calling plaintiff's place of

employment, according to the complaint, defendant informed plaintiff's co-

workers that she owed a debt.  Defendant also threatened to file a lawsuit against

plaintiff if plaintiff did not pay the debt.

　　　In an attempt to settle the case without extensive litigation, defendant sent

plaintiff an offer of judgment on October 8, 2010 pursuant to FRCP 68.  (*See* Dkt.

No. 8-4.)  In the offer of judgment, defendant proposed settling all substantive

claims for a total of $1,001.  The offer of judgment left the parties to negotiate

costs and attorney fees, or to submit those issues to the Court if they could not

resolve them.  Plaintiff accepted the offer of judgment on October 22, 2010.

When the parties subsequently could not agree to an award of costs and attorney

fees, plaintiff filed the pending motion for costs and attorney fees on December

17, 2010.  Plaintiff seeks costs in the amount of $350 to cover the filing fee for her

complaint.  Plaintiff seeks further to have her law firm reimbursed for $3,672.00 in

fees covering approximately 16 hours of time, at hourly rates of $270 for the

partner on the case, $225 for the associates, and $120 for paralegals and clerical

staff.  Defendant objects that the hours claimed are excessive for a case that

ended with an offer of judgment.  Defendant objects further that plaintiff has

proposed hourly rates that are higher than currently awarded in this District and

that are not justified.

## III.   DISCUSSION

The FDCPA authorizes successful litigants to receive "in the case of any

successful action to enforce the foregoing liability, the costs of the action,

together with a reasonable attorney's fee as determined by the court."  15 U.S.C.

§ 1692k(a)(3).  The prevailing plaintiff in an FDCPA action is entitled to an award

of reasonable attorneys' fees and expenses regardless of whether any statutory

or actual damages are awarded.  *See Savino*, 164 F.3d at 87; *Pipiles v. Credit*

*Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) (citation omitted).  As to

how district courts should calculate attorney fees when such an award is

appropriate, this Court has noted that

> A reasonable hourly rate is the "prevailing market rate," i.e., the
> rate "prevailing in the [relevant] community for similar services by
> lawyers of reasonably comparable skill, experience, and reputation."
> *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d
> 891 (1984); *see also Cohen v. W. Haven Bd. of Police Comm'rs*, 638

F.2d 496, 506 (2d Cir. 1980) ("[F]ees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award."). The relevant community, in turn, is the district in which the court sits. *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).

Determination of the "reasonable hourly fee" requires a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. *Farbotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005). This inquiry may include judicial notice of the rates awarded in prior cases, the court's own familiarity with the rates prevailing in the district, and any evidence proffered by the parties. *Id.* The fee applicant has the burden of showing by "satisfactory evidence" that the requested hourly rate is the prevailing market rate. *Blum*, 465 U.S. at 896 n.11.

*Fontana v. C. Barry & Assocs., LLC*, No. 06-CV-359, 2007 WL 2580490, at *2 (W.D.N.Y. Sept. 4, 2007) (Arcara, *C.J.*).

The Second Circuit has addressed the case law governing attorney fee

calculations and explained that

In [*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)], we undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time under the traditional "lodestar" approach to attorney's fees (the product of the attorney's usual hourly rate and the number of hours worked, which could then be adjusted by the court to set "the reasonable fee"), and the separate "Johnson" approach (a one-step inquiry that considered twelve specified factors to establish a reasonable fee). 493 F.3d at 114. Relying on the substance of both approaches, we set forth a standard that we termed the "presumptively reasonable fee." *Id.* at 118. We directed district courts, in calculating the presumptively reasonable fee, "to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* at 117 (emphasis in original). The presumptively reasonable fee boils down to "what a reasonable, paying client would be willing to pay," given that such a party wishes "to spend the minimum necessary to litigate the case effectively." *Id.* at 112, 118.

*Simmons v. N.Y. Trans. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

4

Here, counsel for plaintiff have submitted an itemization of hours spent on this case.  Several corrections are necessary.  First, the itemization includes entries for Peter Cozmyk concerning the creation of spreadsheets for the pending motion apart from other time billed for the motion; and concerning file review and updates.  These entries seem repetitive and are largely clerical in nature.  The Court will disregard them and deduct 0.8 hours from Cozmyk's time accordingly.  Second, the itemization includes five entries for clerical staff, totaling 0.5 hours, concerning the saving of email messages and other tasks that are only clerical in nature.  Plaintiff has not set forth a sufficient basis for the recovery of clerical services performed by secretaries or legal assistants.  The Court will disregard these entries also.  Finally, recent cases in this District set reasonable attorney rates in debt collection cases at $215 per hour for partners, $180 per hour for associates, and $50 per hour for paralegals.[1]  *See, e.g., Fajer v. Kaufman, Burns & Assocs.*, No. 09-CV-716, 2011 WL 334311, at *5 (W.D.N.Y. Jan. 28, 2011) (Skretny, *C.J.*)*; Hoover v. W.N.Y. Capital,* No. 09-CV-955, 2010 WL 2472500, at

---

[1] Plaintiff's attorneys have cited extensively to national attorney fee surveys to argue that they could have proposed rates nearly twice as high as they have requested.  The Court rejects these citations because "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee."  *Simmons*, 575 F.3d at 174 (2d Cir. 2009) (internal quotation marks and citation omitted).  There is one exception to this rule that allows a higher rate, but to qualify, "a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result."  *Id*. at 175.  Plaintiff has submitted no evidence qualifying her for that exception.

*3 (W.D.N.Y. June 16, 2010) (Arcara, *J.*);  *Dayton v. Ne. Fin. Solutions*, No. 09-
CV-549, 2009 WL 4571819, at *3 (W.D.N.Y. Dec. 7, 2009) (Arcara, *C.J.*); *Clark v.
Brewer, Michaels & Kane, LLC*, No. 09-CV-188, 2009 WL 3303716, at *3
(W.D.N.Y. Oct. 14, 2009) (Arcara, *C.J.*).  The Court will apply these hourly rates
to the itemization of hours to arrive at the following calculations:

- 9.8 hours for Peter Cozmyk at $215 per hour, for a total of $2,107;

- 0.6 hours for Adam Hill at $180 per hour, for a total of $108;

- 0.6 hours for Jamie Cantwell at $180 per hour, for a total of $108; and

- 4.0 hours for paralegals at $50 per hour, for a total of $200.

   Total attorney and paralegal fees, accordingly, add up to $2,523.00.

   As adjusted, plaintiff's proposed fees appear reasonable.  In assessing
whether a reasonable, paying client looking to minimize expenses would be
willing to pay for the hours claimed here, the Court bears in mind the provision of
the FDCPA awarding attorney fees to successful litigants.  Without that provision,
a reasonable, paying client likely would not spend over $2,500 in fees to receive
a $1,001 judgment.  Factoring in that provision, however, a reasonable, paying
client likely would endorse the investment of time that counsel claim here.
Counsel spent 15 hours litigating the entire case, which is not unreasonably more
than the 9.9 hours spent in *Hoover* or the 8.3 hours spent in *Dayton*, both of
which ended with default judgments.

   As for costs, plaintiff has requested $350 to compensate for filing the
complaint.  The Court accepts this request as reasonable.

**IV.     CONCLUSION**

For all of the foregoing reasons, the Court grants plaintiff's motion (Dkt. No.

4) for costs and attorney fees in part.  The Court awards plaintiff $350 in costs

and $2,523.00 in attorney fees, for a total award of $2,873.00.

The Clerk of the Court shall close this case.

SO ORDERED.


*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: May 9, 2011